```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

        -against-                        ORDER OF FORFEITURE

JOSE TEJADA,                             Cr. No. 03-1198(S-1)(JG)
     also known as "Ito"
     and "Ramon,"

        Defendant.

- - - - - - - - - - - - -X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 27 2007 ★
BROOKLYN OFFICE

WHEREAS, in the Forfeiture Allegation of the Indictment in the above-captioned case, the United States sought forfeiture pursuant to 21 U.S.C. § 853(a) of any property constituting, or derived from any proceeds that JOSE TEJADA, also known as "Ito" and "Ramon" ("the defendant") obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846; and of any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

WHEREAS, the defendant entered into a plea agreement with the United States in which he pled guilty to Count One of the Superseding Indictment, charging a violation of 21 U.S.C. § 846; and

WHEREAS, at the time of his guilty plea, the defendant consented to the entry of an Order of Forfeiture with respect to the properties set forth below:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The defendant will forfeit to the United States his interest in the following properties:

    (A) 1996 Green Honda Accord, VIN 1HGCE6643TA002692,

    (B) 1999 Ford Windstar, VIN 2FMZA5149XBA50760,

    (C) 1999 Lincoln Navigator, VIN 5LMPU28L0XLJ25868,

    (D) 1998 Oldsmobile Silhouette, VIN 1GHDX03E9WD179915,

    (E) 2000 Ford Pickup, VIN 1FTWW32F12ED31154,

    (F) 2000 Ford Expedition, VIN 1FMRU1764YLC02955,

    (G) 2001 BMW 325, VIN WBAAV33461EE75789,

    (H) Approximately $1.6 million in United States currency seized on July 23, 2003.

2. The United States Marshals Service for the Eastern District of New York shall deposit all forfeited properties in accordance with applicable laws and regulations.

3. Upon entry of this Order, the United States is authorized to effect seizure and forfeiture of the aforesaid properties and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this Order and its intent to dispose of the properties in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in

the properties to be forfeited.

5. Any person, other than the above-named defendant, asserting a legal interest in the properties subject to forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the properties to be forfeited, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Any petition filed by a third party asserting an interest in the properties to be forfeited shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties to be forfeited, the time and circumstances of the petitioner's acquisition of the right, title or interest in the properties to be forfeited, any additional facts supporting the petitioner's claim and the relief sought.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. In accordance with Fed. R. Crim. P. 32.2(b)(3), the

United States is hereby authorized to conduct any discovery necessary to help identify, locate, or dispose of any of the properties subject to forfeiture.

9. The United States shall have clear title to the properties to be forfeited following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

10. The Clerk of Court shall forward six certified copies of this Order to Special Assistant U.S. Attorney Douglas A. Leff, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201, telephone (718)-254-6035.

Brooklyn, New York  
Dated: June 28, 2007

SO ORDERED:

s/John Gleeson

HONORABLE JOHN GLEESON  
UNITED STATES DISTRICT JUDGE